PER CURIAM.
Wendy Dunn appeals a judgment for trafficking in amphetamine and possession of cannabis. Ms. Dunn entered a negotiated plea of guilty to the charges in exchange for a sentence of 70.8 months’ imprisonment, the minimum sentence required under the sentencing guidelines. Because Ms. Dunn entered a negotiated plea to these charges without reserving the right to appeal any issues, because she received legal sentences based on the charges, and because she has not sought to withdraw her plea, Ms. Dunn’s appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that counsel cannot find a meritorious argument to support the reversal of the judgment or sentences. After a thorough review of the record, we agree.
Prior to entering her plea, Ms. Dunn filed a motion to suppress the amphetamine and cannabis that formed the basis for these charges. Ms. Dunn attached to the motion the deposition transcripts of the law enforcement officers involved in the search and seizure that produced these items. The trial court’s “docket inquiry” suggests that Ms. Dunn’s motion to suppress this evidence was either stricken or withdrawn at a hearing on March 6, 2003. We note that this court has been unable to obtain a transcript of that hearing. This court’s record, however, does include transcripts of both the plea hearing and the sentencing hearing. We conclude that any error that might theoretically have occurred at a hearing on March 6, 2003, is not preserved for this court’s review. See § 924.051(4), Fla. Stat. (2003); Fla. R.App. P. 9.140(b)(2)(A).
Affirmed.
ALTENBERND, C.J, and WHATLEY and CANADY, JJ., Concur.